IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TAVON TERRELL GARNER, #2555939    *

        Plaintiff    *

   v.    *    Civil Action No. GLR-11-1919

DANIEL HARPER, *P/O*, et al.    *

        Defendants    *

***

## MEMORANDUM OPINION

Pending are Defendants' Motions to Dismiss. ECF Nos. 8 and 10. The Motions are unopposed by Plaintiff who was mailed notice of Defendants' Motions advising of his right to file a response and of the consequences of failing to do so. ECF Nos. 9 and 11. For the reasons that follow, the Motions will be granted. A hearing in this matter is unnecessary. See Local Rule 105.6 (D. Md. 2011).

Plaintiff, Tavon Terrell Garner ("Garner"), alleges he was assaulted during his arrest on January 17, 2009. ECF No. 3. He states that Defendants Harper, McVicker, Donato, Zyrkowski, Cossentino, Bonomo and McClenahan used excessive force against him, assaulted him, and effected an illegal search and seizure against him. He states that he was injured as a result of his interaction with the named Defendants. He also states that after the possession with intent to distribute cocaine charge was dismissed against him, he was charged with resisting arrest.[1] He further states that the State of Maryland and Baltimore City Police Department are responsible for the conduct of the individually-named officers. Id.

---

[1] At the time Defendants responded to the Complaint, Plaintiff was awaiting trial on the resisting arrest charges. ECF Nos. 8 and 10. A plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid, must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. See Heck v. Humphrey, 512 U.S. 477, 486-87 and nn. 6-8

**Standard of Review**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the Plaintiff's complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). The Supreme Court has articulated the proper framework for analysis:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A. 7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more. . .than. . .a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327(1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnotes omitted). This standard does not require Defendant to establish "beyond doubt" that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id. at 561. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. Id. at 562. "[S]pecific facts are not necessary" to meet the requirements of Rule 8(a), but the statement need only "'give the defendant fair notice of what the…claim is and the

---

(1994) ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"). Plaintiff has failed to advise the Court as to the result of the criminal proceedings.

grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007). To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that *is plausible on its face*.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (quoting Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, where only supported by mere conclusory statements, do not suffice." Id. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that "the pleader is entitled to relief." Id. at 1950 (citation omitted).

**Analysis**

Defendants Lt. McVicker, Sgt. Donato, Officers Daniel Harper, Zyrkowski, Cossentino, Bonomo and McClenahan assert that the Complaint fails to state how, or if, each named Defendant was involved in the alleged assault. ECF No. 10. In terms of the constitutional claim, the Court agrees. Plaintiff has failed to allege that any of the named individual officers were involved in the actions taken against him. Simply stated, Plaintiff has failed to allege any facts in support of his claim.

Further, to the extent any of the individually named officers or the Baltimore City Police Department are named in the capacity as supervisory officials, the claim likewise fails. It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. See Love-Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); see also Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a Bivens suit). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional

injuries they inflict on those committed to their care.'"  Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001) citing Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984).  Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to, or tacit authorization of, the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff has pointed to no action or inaction on the part of the named Defendants that resulted in a constitutional injury.

Further, Plaintiff's Complaint against the State of Maryland and the Baltimore City Police Department is subject to dismissal.  Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents.  See Penhurst State School and Hospital v. Halderman, 465 U. S. 89, 100 (1984).  While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, see Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court.  Moreover, the Baltimore City Police Department is an agency of the State, not an agency of the City of Baltimore.  See Public Local Laws of Maryland, Art. 4, § 16-2(a) ("The Police Department of Baltimore City is hereby constituted and established as an agency and instrumentality of the State of Maryland."); see also Chin v. City of Baltimore, 241 F. Supp. 2d 546, 549 (D. Md. 2003) (holding "as a matter of Maryland law, the Baltimore City government does not wield enough control over the Baltimore Police Department to be subject to liability for

the Baltimore Police Department's actions.")  Thus, Plaintiff's Complaint against the State of Maryland and Baltimore City Police Department is barred by the Eleventh Amendment.

Lastly, with respect to any state tort claim that may be fairly construed from the Complaint, the Court declines to exercise supplemental jurisdiction over state law claims where it has dismissed the federal claim.  See 28 U.S.C. § 1367(c); Carnegie Mellon University v. Cohill, 484 U.S. 343, 350 (1988) (where federal claim is dismissed early federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction).

The motions to dismiss, filed on behalf of Defendants, shall be granted.  A separate Order follows.

August 8, 2012                                                      /s/
                                              _____
                                              George L. Russell, III
                                              United States District Judge